# UNITED STATES DISTRICT COURT
Eastern District of North Carolina

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| ANTONIO WILSON | Case Number: 3:92CR00035-3 |
| (a.k.a. HOOTCH ) | |
| | John R. Parker |
| (Name of Defendant) | Defendant's Attorney |

THE DEFENDANT:
[ ] pleaded guilty to count(s) _____.
[ ] pleaded nolo contendere to count(s)_____
  which (was) (were) accepted by the court.
[X] was found guilty on count(s) 1,2,4,6,8,10,12
  after a plea of not guilty.

| Title/Sect | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC §846 | Conspiracy to Possess With Intent to Distribute Cocaine and Distribution of Cocaine | 05/31/92 | 1 |
| 18 USC §924(c)(1) | Use of a Firearm During and in Relation to a Drug Trafficking Offense and | 05/31/92 | 2 |
| §2 | Aiding and Abetting | | |

(offense text continued on page 1.01)

The defendant is sentenced as provided in pages 1 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____
  and is discharged as to such count(s).
[ ] Count(s) _____ (is)(are) dismissed on the motion of the United States.

  IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: _____
Defendant's Date of Birth: 12/11/68

05/25/93
Date of Imposition of Judgment

Signature of Judicial Officer

Defendant's Mailing Address:

207 VILLA DRIVE

FAYETTEVILLE   NC 28311

MALCOLM J. HOWARD
UNITED STATES JUDGE
Name & Title of Judicial Officer

Defendant's Residence Address:

207 VILLA DRIVE

FAYETTEVILLE   NC 28311

05/25/93
Date

DEFENDANT: ANTONIO WILSON
CASE NUMBER: 3:92CR00035 - 3

Judgment-Page 1.01 of 6

| Title/Sect | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| | (offense text continued from page 1) | | |
| 21 USC §841(a)(1) | Possession With Intent to Distribute and Distribution of cocaine and | 05/31/92 | 4 |
| §2 | Aiding and Abetting | | |
| 21 USC §841(a)(1) | Possession with Intent to Distribute and Distribution of Cocaine | 05/31/92 | 6 |
| 21 USC §841(a)(1) | Possession With Intent to Distribute and Distribution of cocaine and | 05/31/92 | 8 |
| §2 | Aiding and Abetting | | |
| 21 USC §841(a)(1) | Possession with Intent to Distribute and Distribution of Cocaine | 05/31/92 | 10 |
| 21 USC §841(a)(1) | Possession with Intent to Distribute and Distribution of Cocaine | 05/31/92 | 12 |

DEFENDANT: ANTONIO WILSON
CASE NUMBER: 3:92CR00035 - 3

Judgment--Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 420 months.

- 360 months on Count(s): 1,4,6,8,10 & 12 - concurrently together
- 60 months on Count(s): 2 - consecutive to Cts. 1,4,6,8,10 & 12

[X] The court makes the following recommendations to the Bureau of Prisons:


[X] The defendant is remanded to the custody of the United States Marshal.
[ ] The defendant shall surrender to the United States Marshal for this district.
    [ ] at _____ am/pm on _____ .
    [ ] As notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons
    [ ] before 2:00 p.m. on _____ .
    [ ] As notified by the United States Marshal.
    [ ] As notified by the probation office.

## RETURN

**I have executed this judgment as follows:**

_____
_____
_____

**Defendant delivered on** _____ **to** _____ **at**
_____ **, with a certified copy of this judgment.**

_____
UNITED STATES MARSHAL

By _____
       Deputy Marshal

DEFENDANT: ANTONIO WILSON
CASE NUMBER: 3:92CR00035 - 3                                    Judgment--Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 60 months.

    60 months as to Count(s): 1,4,6,8,10 & 12 - concurrently together
    36 months as to Count(s): 2 - Concurrently with Cts. 1,4,6,8,10 & 12

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall not possess a firearm or destructive device. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the schedule of payments set forth in the financial obligation portion of this Judgment. The defendant shall comply with the following additional conditions:

The defendant shall not possess a firearm or destructive device.
The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.
The defendant shall provide the probation office with access to any requested financial information.
The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.
The defendant shall consent to a warrantless search by a United States probation officer or, at the request of the probation officer, any other law enforcement officer, of his/her person and premises, including any vehicle, to determine compliance with the conditions of this judgment.
The defendant shall submit a written weekly report to the probation office, if not regularly employed, of

(supervisory text continued on page 3.01)

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SUPERVISED RELEASE

(supervisory text continued from page 3)

attempts to secure gainful employment.

DEFENDANT: ANTONIO WILSON
CASE NUMBER: 3:92CR00035 - 3

Judgment--Page 4 of 6

## FINANCIAL OBLIGATIONS

The defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below:

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $ 50.00 | $ .00 | $ .00 |
| 2 | $ 50.00 | $ .00 | $ .00 |
| 4 | $ 50.00 | $ .00 | $ .00 |
| 6 | $ 50.00 | $ .00 | $ .00 |
| 8 | $ 50.00 | $ .00 | $ .00 |
| 10 | $ 50.00 | $ .00 | $ .00 |
| 12 | $ 50.00 | $ .00 | $ .00 |
| **Totals:** | $ 350.00 | $ .00 | $ .00 |

### FINE
The fine includes any costs of incarceration and/or supervision.
[ ] The court has determined that the defendant does not have the ability to pay interest in full.
It is ordered that:
[ ] The interest requirement is waived.
[ ] The interest requirement is modified as follows:

### RESTITUTION
Each restitution payment shall be divided proportionately among the payees named unless specified in the priority payment column below. Restitution shall be paid to the following persons in the following amounts:

| Name of Payee | Amount of Restitution | Priority Order of Payment |
|---|---|---|
| | | |

### SCHEDULE OF PAYMENTS
Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) fine costs; (5) interest; (6) penalties.

The total fine and other monetary penalties shall be paid as follows:
[ ] in full immediately.
[ ] in full not later than _____ .
[X] in installments which the probation officer shall establish and may periodically modify provided that the entire financial penalty is paid no later than 5 years after release from incarceration, if incarceration is imposed. If probation is imposed, not later than the expiration of probation.
[ ] in monthly installments of $ _____ over a period of _____ months. The probation officer may periodically modify the payment schedule, provided the penalty is paid in full in accordance with the term specified above. The first payment is due 30 days after the date of this judgment. The second and subsequent payments are due monthly thereafter.

All financial penalty payments are to be made to the U.S. Courts Fine Center, P.O. Box 198559, Atlanta, GA 30384, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the above payment options are subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

Unless otherwise ordered by the court, any financial penalty imposed by this order shall be due and payable during the period of incarceration, with any unpaid balance to be a condition of supervised release. Any financial penalties collected while the defendant is incarcerated shall be reported by the Bureau of Prisons to the Clerk of the Court and the probation officer. The probation officer shall notify the United States District Court, the Clerk of the Court, and the United States Attorney's Office of the payment schedule and any modifications to that schedule.

DEFENDANT: ANTONIO WILSON
CASE NUMBER: 3:92CR00035 - 3

Judgment--Page 5 of 6

## STATEMENT OF REASONS

[X] The Court adopts the factual findings and guideline application in the presentence report.

**OR**

[ ] The Court adopts the factual findings and guideline application in the presentence report except

### Guideline Range Determined by the Court:
Total Offense Level: ___40___
Criminal History Category: ___IV___
Imprisonment Range: ___360___ to ___Life___ months and ___60___ months consecutive.
Supervised Release Range: ___2___ to ___5___ years
Fine Range: $ ___25,000.00___ to $ ___18,000,000.00___
    [X] Fine waived or imposed below the guideline range, because of inability to pay.
Restitution: $_____
    [ ] Full restitution is not ordered for the following reason(s):

[ ] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

**OR**

[X] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons(s):

Inasmuch as the range exceeds 24 months, the court has imposed a sentence at the bottom of the range because of the defendant's age and lack of prior lengthy periods of incarceration.

**OR**

[ ] The sentence departs from the guideline range
[ ] upon motion of the government, as a result of defendant's substantial assistance.
[ ] for the following reason(s):

## DENIAL OF FEDERAL BENEFITS
### (For Offenses Committed On or After November 18, 1988)

### FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. §862(a)(1)

IT IS ORDERED that the defendant shall be:

[X]  ineligible for all federal benefits for a period of _5 Years._____.

[ ]  ineligible for the following federal benefits for a period of _____.

### OR

[ ]  Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.

### FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. §862(b)(1)

IT IS ORDERED that the defendant shall:

[ ]  be ineligible for all federal benefits for a period of _____.

[ ]  be ineligible for the following federal benefits for a period of _____.

[ ]  successfully complete a drug testing and treatment program.

[ ]  perform community service, as specified in the probation or supervised release portion of this judgment.

[ ]  Having determined that this is the defendant's second or subsequent conviction for possession of a controlled substance, IT IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this judgment as a requirement for the reinstatement of eligibility for federal benefits.

Pursuant to 21 U.S.C. §862(d)(1)(B), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefits, or any other benefit for which payments or services are required for eligibility.